IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOSHUA KELLY URANGA, <br><br> Plaintiff, <br><br> vs. <br><br> KURT KRUGER, individually and in his official capacity as a Peace Officer with the Ames Police Department, <br><br> Defendants. | Case No. <br><br><br><br> **COMPLAINT AND JURY DEMAND** |

**COMES NOW** Plaintiff, Joshua Uranga, by and through the undersigned counsel, and hereby files this complaint against Defendants:

## PARTIES

1. Plaintiff Joshua Uranga (hereinafter "Plaintiff Uranga") is a resident of Marshall County, Iowa, and is a citizen of the State of Iowa

2. Defendant Kurt Kruger (hereinafter "Defendant Kruger") is believed to be a resident and citizen of the State of Iowa.

3. At all times material hereto, Defendant Kruger was employed as a peace officer with the Ames Police Department.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This court has supplemental jurisdiction to hear and decide the pendent state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events or omissions described in this complaint took place in Story County in the Central Division of the Southern District of Iowa.

1

**FACTS COMMON TO ALL COUNTS**

6.  On or about October 31, 2024, Defendant Kruger filed a criminal complaint alleging Plaintiff Uranga committed a theft on October 27, 2024, against Target located at 320 South Duff Avenue, Ames, IA 50010,

7.  In the affidavit accompanying the criminal complaint, Defendant Kruger stated that "[a]t the above time and location [Plaintiff Uranga] was captured on security video, placing two laptops in a shopping cart, and then proceeded out of the store, after passing the final point of sale. [Plaintiff Uranga] set off the alarm a[t] the door but continued out to a vehicle. The defendant used a vehicle that is associated with him as well."

8.  Defendant Kruger requested a warrant for Plaintiff Uranga's arrest contemporaneously with the filing of the criminal complaint.

9.  This criminal complaint filed Defendant Kruger was filed in the district court for Story County and was assigned criminal case number FECR064101.

10. Plaintiff Uranga was arrested on the warrant requested by Defendant Kruger on November 2, 2024.

11. Plaintiff Uranga's bond was established at $5,000 cash or surety at his initial appearance on November 4, 2024.

12. Due to his indigency, Plaintiff Uranga received a court-appointed attorney to represent him in the pending theft case in Story County Case No. FECR064101.

13. On November 5, 2024, Plaintiff Uranga's court-appointed attorney moved for a bond review hearing as Plaintiff Uranga was not able to secure his release by posting the $5,000 cash or surety bond, and the district court scheduled a bond review hearing for November 21, 2024.

14. On November 20, 2024, Plaintiff Uranga's court-appointed attorney moved to withdraw the request for a bond review hearing.

2

15. On December 17, 2024, Plaintiff Uranga waived his right to a speedy trial pursuant to Iowa R. of Crim. P. 2.33.

16. On February 3, 2025, Plaintiff Uranga's court-appointed attorney moved to dismiss Story County Case No. FECR064101.

17. After two continuances, the district court in Story County scheduled a hearing on Plaintiff Uranga's motion to dismiss for March 27, 2025.

18. On March 25, 2025, two days prior to the hearing on Plaintiff Uranga's motion to dismiss, the county attorney representing the State in Story County Case No. FECR064101.

19. On March 25, 2025, the district court for Story County entered an order dismissing Story County Case No. FECR064101.

20. On December 4, 2024, Plaintiff Uranga and his court-appointed attorney conducted a transcribed deposition Defendant Kruger and Target employee Haley Wickenkamp in relation to Story County Case No. FECR064101.

21. In his deposition, Defendant Kruger stated that he performed a National NCIC check on license plate OEX936 based on a photograph provided by Target employee Wickenkamp.

22. The records provided by Defendant Kruger to Plaintiff Uranga's court-appointed attorney regarding the NCIC checks on license plate OEX936, however, showed that the NCIC check performed by Defendant Kruger did not link license plate OEX936 to Plaintiff Uranga.

23. Defendant Kruger stated in his deposition that Target had given him the name of Plaintiff Uranga after doing some investigation in-house.

24. Defendant Kruger stated in his deposition that Target proved him with photos of theft suspects in a Des Moines Target that occurred prior to the theft at the Ames Target and of the theft suspect in the Ames Target currently being investigated by Defendant Kruger, and Defendant Kruger did not recall whether he identified Plaintiff Uranga using the photos

3

from the Des Moines target theft alone, the Ames Target theft alone, or photos from both theft incidents.

25. Defendant Kruger stated in his police report that "Uranga entered a Mercury bearing Iowa plate OEX 936", despite knowing that there were no photos or other witness which identified the license plate of the vehicle the theft suspect at the Ames Target entered into after committing the theft.

26. Defendant Kruger stated in his police report that "Uranga also did commit a theft from a Des Moines Target Store with the same method and vehicle", despite his police report also stating that there was no theft from the Des Moines Target when Plaintiff Uranga was lawfully shopping at the Des Moines Target.

27. In her deposition, Target employee Wickenkamp stated that she received the name of Plaintiff Uranga from Defendant Kruger, and that she did not independently come up with the name Plaintiff Uranga.

28. Target employee Wickenkamp stated that Defendant Kruger's statement under oath during his deposition that Target independently confirmed the name of Plaintiff Uranga is not accurate.

29. Target employee Wickenkamp stated that the Target in Ames was unable to get a photo or video of the license plate of the vehicle Wickenkamp believed committed the theft in Ames, and that the license plate photo provided to Defendant Kruger was a photo from surveillance footage from a Des Moines Target store in which a theft was not committed by any occupant of the vehicle in question.

30. Wickenkamp stated that Defendant Kruger's statement under oath that he received the photo of the license plate OEX936 was received from the Ames Target theft incident is not an accurate statement.

31. During her deposition, Ames Target employee Wickenkamp confirmed that the internal investigation by Target using facial recognition software which identified Plaintiff Uranga

4

only used photos from a Des Moines Target Store where Plaintiff Uranga was lawfully present and where no theft was committed.

32. Ames Target employee Wickenkamp stated that none of the photos of the suspect who committed the theft at the Ames Target on October 27, 2024, were ran through the facial recognition software which identified Plaintiff Uranga lawfully shopping at the Des Moines Target store.

33. Defendant Kruger stated in his deposition that he independently identified Plaintiff Uranga as the individual who committed the theft at the Ames Target on October 27, 2024, based on doing an NCIC check on license plate OEX936, however, the NCIC reports provided during discovery in Story County Criminal Case No. FECR064101 show that the NCIC report received by Defendant Kruger did not associate Plaintiff Uranga with license plate OEX936.

34. On October 28, 2024, at 1:32 pm, Defendant Kruger sent an email to Target Employee Wickenkamp, stating: "Since you're the pro at your store, would you be able to give me your best descriptors of the suspect other than white male and bald. Preferably a guess on height and weight could be helpful."

35. On October 28, 2024, at 1:59 pm, Defendant Kruger entered on his case card for the Ames Target theft incident, "Bald WMA entered the store around 18:35hrs and went to the laptops. Suspect took two laptops and walked out at 18:42hrs. Laptops were: Acer 17.3" $899.99 and Lenovo TS $749.99. The suspect also hit the south Des Moines store. Under investigation"

36. On October 28, 2024, at 1:59 pm, Defendant Kruger receives a responsive email from Ames Target employee Wickenkamp stating, "Josh K Uranga - potentially had a slight Eastern European accent in South Des Moines. Allegedly, he is also a sex offender. I can neither confirm nor deny that this is a reverse image search and discovered a mugshot from the sex offender registry that matched who we saw."

5

37. On October 28, 2024, at 2:47 pm, Defendant Kruger entered into his case card for the Ames Target theft incident, "It appears the suspect is: URANGA, JOSHUA KELLY [address, social security number, physical description, and phone number of Plaintiff Uranga]"

38. Defendant Kruger's case card and all other available evidence show that:

   a. Defendant Kruger improperly and unreliably identified Plaintiff Uranga as the individual who was captured on video committing the theft at the Ames Target Store on October 27, 2024;

   b. Defendant Kruger provided false statements under oath during his deposition on how he identified Plaintiff Uranga as the person who committed the Ames Target theft; and

   c. Defendant Kruger provided knowingly false statements under oath during his deposition that the NCIC check on license plate OEX936 resulted in Plaintiff Uranga's name being associated with that license plate and registered vehicle associated therewith.

## CAUSES OF ACTION

**COUNT I**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE IOWA CONSTITUTION**
**Right To Due Process (Unreliable and Dishonest Identification Practices)**
**(Against Defendant Kruger)**

39. Plaintiff Uranga repleads paragraphs 1 through 38 as if fully set forth herein

40. Defendant Kruger is a person for the purpose of a Section 1983 action for damages.

41. At all times material hereto, the actions and omissions of Defendant Kruger were made within the scope and authority of his employment as a peace officer with the Ames Police Department.

42. On or about October 31, 2024, Defendant Kruger violated Plaintiff Uranga's clearly established Due Process rights by issuing an arrest warrant for Plaintiff Uranga based upon unreliable and dishonest identification methods which led to the Plaintiff Uranga being falsely arrested and charged with felony theft.

43. Defendant Kruger violated Plaintiff Uranga's right to Due Process guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Constitution of the State of Iowa. These constitutional protections extend to safeguarding defendants from identification procedures that are unreliable or impermissibly suggestive, which may lead to the risk of misidentification.

44. Defendant Kruger demonstrated a deliberate indifference to and a reckless disregard of Plaintiff Uranga's constitutional rights by filing a criminal complaint and requesting the issuance of an arrest warrant for Plaintiff Uranga under these circumstances.

45. Defendant Kruger's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff Uranga's civil and constitutional rights, justifying an award of punitive damages.

46. As a direct and proximate result of Defendant Kruger's illegal and unjustified conduct, Plaintiff Uranga has suffered and will in the future suffer the following damages:

    a. Deprivation of his constitutional rights;

    b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c. Consequential damages;

    d. Actual and compensatory damages including, but not limited to, past, present, and future lost ages, attorney fees, and

    e. Other damages allowed by law.

**COUNT II**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**

7

**VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION
<u>Right to be Free from Unreasonable Seizures (False Arrest)</u>
(Against Defendant Kruger)**

47. Plaintiff Uranga repleads paragraphs 1 through 46 as if fully set forth herein.

48. Defendant Kruger is a person for the purpose of a Section 1983 action for damages.

49. At all times material hereto, the actions and omissions of Defendant Kruger were made within the scope and authority of his employment as a peace officer with the Ames Police Department.

50. On or about October 31, 2024, Defendant Kruger violated Plaintiff Uranga's clearly established right against unreasonable seizure by issuing an arrest warrant for Plaintiff Uranga based upon unreliable and dishonest identification methods which led to the Plaintiff Uranga being falsely arrested and charged with felony theft, ultimately leading to Plaintiff Uranga being arrested on November 4, 2024, remaining in custody and having his personal liberty deprived until the case was dismissed upon motion of the prosecutor on March 25, 2025.

51. Defendant Kruger violated Plaintiff Uranga's right to unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Constitution of the State of Iowa.

52. Defendant Kruger demonstrated a deliberate indifference to and a reckless disregard of Plaintiff Uranga's constitutional rights by filing a criminal complaint and requesting the issuance of an arrest warrant for Plaintiff Uranga under these circumstances.

53. Defendant Kruger's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff Uranga's civil and constitutional rights, justifying an award of punitive damages.

54. As a direct and proximate result of Defendant Kruger's illegal and unjustified conduct, Plaintiff Uranga has suffered and will in the future suffer the following damages:

    a.  Deprivation of his constitutional rights;

b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c. Consequential damages;

d. Actual and compensatory damages including, but not limited to, past, present, and future lost ages, attorney fees, and

e. Other damages allowed by law.

**COUNT III**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**Right to be Free from Unreasonable Seizures (False Imprisonment)**
**(Against Defendant Kruger)**

55. Plaintiff Uranga repleads paragraphs 1 through 54 as if fully set forth herein.

56. Defendant Kruger is a person for the purpose of a Section 1983 action for damages.

57. On or about October 31, 2024, Defendant Kruger violated Plaintiff Uranga's clearly established right against unreasonable seizure by issuing an arrest warrant for Plaintiff Uranga based upon unreliable and dishonest identification methods which led to the Plaintiff Uranga being falsely arrested and charged with felony theft, ultimately leading to Plaintiff Uranga being arrested on November 4, 2024, remaining in custody and having his personal liberty deprived until the case was dismissed upon motion of the prosecutor on March 25, 2025.

58. Defendant Kruger violated Plaintiff Uranga's right to unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Constitution of the State of Iowa.

59. Defendant Kruger demonstrated a deliberate indifference to and a reckless disregard of Plaintiff Uranga's constitutional rights by filing a criminal complaint and requesting the issuance of an arrest warrant for Plaintiff Uranga under these circumstances, and by making

false, misleading, or incorrect statements under oath during his criminal deposition in Story County Case No. FECR064101.

60. Defendant Kruger's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff Uranga's civil and constitutional rights, justifying an award of punitive damages.

61. As a direct and proximate result of Defendant Kruger's illegal and unjustified conduct, Plaintiff Uranga has suffered and will in the future suffer the following damages:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Consequential damages;

    d.  Actual and compensatory damages including, but not limited to, past, present, and future lost ages, attorney fees, and

    e.  Other damages allowed by law.

**WHEREFORE**, Plaintiff Uranga demands judgment against Defendant Kruger as follows:

    a.  Actual, compensatory, consequential, and all other allowable damages against Defendants in an amount yet to be determined.

    b.  Compensation for violation of his constitutional rights, mental anguish, loss of enjoyment of life, and other economic losses.

    c.  Plaintiff Uranga's cost in this action, including reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b)

    d.  Punitive damages; and

    e.  Any other relief the Court deems just and equitable

# JURY DEMAND

**COMES NOW** Plaintiff Joshua Uranga, and demands a jury trial for all counts pled in this complaint.

Respectfully Submitted,

/s/ Julia A. Cutler
Julia A. Cutler, AT0010124
Iowa Defenders, PLLC
2183 86th Street, Suite C
Clive, IA 50325
Phone: (515) 868-0088
Facsimile: (515) 963-5370
Email: julia@iowadefenders.com
**ATTORNEY FOR PLAINTIFF**